UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN BURKE BERRY,
     Plaintiff,

vs.                              Case No.: 3:23cv05677/MCR/ZCB

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He has filed this *pro se* civil rights action under 42 U.S.C. § 1983. (Doc. 1). Presently before the Court is Plaintiff's second amended complaint. (Doc. 13). Because Plaintiff is an inmate proceeding *in forma pauperis* (Doc.4), the Court is required to screen Plaintiff's second amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915A; *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the second amended complaint,

the undersigned recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I.    Background

Plaintiff names the following FDOC personnel as Defendants: (1) Lieutenant J.I. Booth, (2) Sergeant Johnson, (3) Officer C. Seaman, (4) Assistant Warden at Okaloosa Correctional Institution (OCI) D. Jones, and (5) Secretary Representative S. Milliken.  (Doc. 13 at 2-3).  Plaintiff names Defendants in their individual and official capacities.  (*Id.*).  Plaintiff asserts Fourth, Eighth, and Fourteenth Amendment claims against each Defendant and requests $17,900 in compensatory damages and $3,850,000 in punitive damages.  (*Id.* at 13).

Plaintiff claims that on November 15, 2022, Defendant Booth confiscated Plaintiff's personal property, including legal books and briefs, while he was in the law library.  (*Id.* at 4).  Defendant Booth ordered Plaintiff to submit to hand restraints and brought him to confinement, where he was held for eight days pending investigation.  (*Id.* at 5).  When Plaintiff was released back to his cell, he states that

---

[1] The Court has previously provided Plaintiff opportunities to amend after explaining to him deficiencies in his prior pleadings.  (Docs. 5, 10).  Nonetheless, Plaintiff's second amended complaint still fails to state a claim upon which relief could be granted.  *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

additional personal property was missing out of his locker, including legal files, legal treatises, a pair of thermal underwear, and various Uniform Commercial Code (UCC) documents such as a declaration of status form and a notice of interest form. (*Id.*).  Plaintiff claims that this property was also confiscated on November 15, 2022, but by Defendant Johnson.  (*Id.* at 6).  Plaintiff claims the additional property was inventoried by Defendants Seaman, Johnson, and Booth.  (*Id.*).  Plaintiff claims that all of the property that was taken was not reflected on the inventory form as required by FDOC's rules.  (*Id.*).

It appears Defendant Johnson eventually returned some of Plaintiff's property and requested that Plaintiff sign the property return form, but Plaintiff refused because all of Plaintiff's property had not yet been returned.  (*Id.*).  Plaintiff then filed a series of informal grievances regarding the return of his property, but it appears Plaintiff's property was still "being searched for UCC material and would be returned if none was found."  (*Id.* at 6-7).  On December 8, 2022, it appears a second batch of Plaintiff's property was returned, along with a form indexing certain property that was confiscated for containing UCC material.  (*Id.* at 7).  Plaintiff claims that some of his still-missing items were not listed on the indexed form.  (*Id.*).  Again, Plaintiff disputes that Defendants followed FDOC's rules concerning the inventorying and returning of personal property.  (*Id.* at 7-8).  Plaintiff continued to

file grievances, and Defendant Jones responded to Plaintiff's complaints by informing him that his "UCC material [was] taken as contraband. The legal work that was not UCC was returned to [Plaintiff]." (*Id.* at 8). Plaintiff alleges Defendant Jones' response furthers a widespread "policy and custom" of depriving inmates of their personal property without providing compensation, and Plaintiff includes additional examples of personal property confiscation to support his assertion. (*Id.* at 9-10).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.    Discussion

### A. Plaintiff has failed to state a claim for money damages against Defendants in their official capacities.

Despite the Court previously informing Plaintiff that he could not maintain claims for money damages against state employees in their official capacities, *see* Doc. 5 at 14-15, Plaintiff's second amended complaint requests money damages against FDOC employees in their official capacities. (Doc. 13 at 2-3, 13). The Eleventh Amendment sovereign immunity doctrine bars claims for monetary damages by an individual against officers or employees of the state or its agencies in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) (holding that the Eleventh Amendment bars a section 1983 suit against a State and state

officials in their official capacities).   In this case, Plaintiff has sued employees from the State of Florida (FDOC employees) for money damages in their official capacities.   The Eleventh Amendment doctrine of sovereign immunity precludes such claims.   Thus, they should be dismissed.

**B. Plaintiff has failed to plausibly allege a Fourteenth Amendment due process violation based on deprivation of property.**

The Court previously advised Plaintiff that allegations concerning a deprivation of personal property generally cannot serve as the basis for a due process claim under the Fourteenth Amendment.   (*See* Doc. 5 at 12-14).   Yet, in his second amended complaint, Plaintiff alleges Defendants violated his Fourteenth Amendment rights to due process by depriving him of his personal property.   (Doc. 13 at 12).

The Due Process Clause encompasses both substantive and procedural due process.   Substantive due process protection is only afforded to "fundamental" constitutional rights, rather than rights created by state law.   *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (*citing Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).   And personal property interests are created and defined by state law.   *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).   They are not

6

fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262 ("[N]on legislative deprivations of state created rights . . . cannot support a substantive due process claim.); *see also DeKalb Stone, Inc. v. Cnty. of Dekalb, Ga.*, 106 F.3d 956, 960 (11th Cir. 1997) (holding that substantive due process does not protect state-created property rights).

Additionally, with regard to procedural due process, an unauthorized intentional deprivation of property by a state actor does not give rise to a procedural due process violation if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added). Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28 (2011). The existence of § 768.28 provides Plaintiff with a meaningful, post deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. *See Loor v. Bailey*, 708 F. App'x 992, 994 (11th Cir. 2017) (rejecting prisoner's procedural due process claim because § 768.28 provided him with an adequate post-deprivation remedy to the challenge the loss of his property). Additionally, due process is not implicated by a negligent act of an official causing an unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis added). So regardless of whether Defendants' alleged conduct that resulted in the

loss/deprivation of Plaintiff's property was intentional or negligent, Plaintiff's due process claim is foreclosed. Therefore, Plaintiff has not alleged a plausible due process claim based on Defendants' alleged deprivation of his personal property.

**C. Plaintiff has failed to plausibly allege an Eighth Amendment violation.**

Plaintiff claims Defendants were deliberately indifferent by not adhering to FDOC rules regarding personal property inventory and return. Plaintiff's allegations fail to plausibly allege an Eighth Amendment claim.

"To state a valid Eight[h] Amendment claim, an inmate must allege a condition sufficiently extreme to pose an unreasonable risk of serious harm to his health or safety." *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015). The Eighth Amendment offers protection to "*only* that narrow class of deprivations involving serious injury inflicted by prison officials acting with the culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 860 (1994) (emphasis in original). Here, Plaintiff has not plausibly alleged the threshold requirement of a sufficiently serious injury. And even if he had, Plaintiff has not shown Defendants acted with the requisite state of mind because a "failure to follow procedures does not, by itself, rise to the level of deliberate indifference . . . doing so is at most a form of negligence." *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000); *see also Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting that even "gross

8

negligence does not satisfy" the deliberate indifference standard) (vacated on other grounds).  Thus, Plaintiff's Eighth Amendment claim is subject to dismissal.  *See Smith v. Clemen*, No. 16-CIV-20285, 2017 U.S. Dist. LEXIS 41447, at *24-25 (S.D. Fla. March 21, 2017) (dismissing an inmate's claim that the defendant prison officials were deliberately indifferent by not acting in accordance with FDOC policy).

**D. Plaintiff has failed to plausibly allege a Fourth Amendment violation.**

Plaintiff's second amended complaint fails to plausibly allege a violation of the Fourth Amendment.  Plaintiff has claimed in conclusory fashion that his Fourth Amendment rights were violated because Defendants "unreasonably seiz[ed]" his property.  There is no merit to Plaintiff's Fourth Amendment claim because inmates have no Fourth Amendment protection in the context of prison searches and seizures. That is so because inmates have no reasonable expectation of privacy in prison.  *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *O'Connor v. Carnahan*, No. 3:09cv224, 2012 WL 2201522, at *8 (N.D. Fla. Mar. 27, 2012) (holding that "*Hudson* precludes Fourth Amendment challenges to prison cell searches and seizures taken for any reason, whether reasonable or not"), *adopted by*, 2012 WL 2317546, at *1 (N.D. Fla. June 15, 2012);

*Simmons v. Williams*, 2017 WL 3427988, at *17 (S.D. Ga. Aug. 9, 2017) (explaining that "prisoners do not enjoy the same Fourth Amendment rights as free persons"). Therefore, Plaintiff cannot plausibly allege a Fourth Amendment claim based on an allegedly unreasonable seizure of property from him in prison. *See O'Connor*, 2012 WL 2201522, at *8. For this reason, Plaintiff's Fourth Amendment claim should be dismissed.

## IV.    Conclusion

For the reasons above, this case should be dismissed without prejudice for Plaintiff's failure to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

1.     This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

2.     The Clerk of Court be directed to close this case.

At Pensacola, Florida this 6th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's</u>**

10

**internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.